## In re ANSON MERCANTILE CO.

(District Court, N. D. Texas, at Abilene.  February, 1911.)

### No. 226, in Bankruptcy.

BANKRUPTCY (§ 120*)—TRUSTEES—APPOINTMENT—QUALIFICATIONS.

    A person appointed trustee was a stockholder in and employé of a corporation, which was a large creditor of the bankrupt.  This creditor openly solicited other creditors to send their claims to it to be used in appointing the trustee, offering to handle the claims free of charge, and voted all such claims in favor of the person appointed.  The creditor also held security for a part of its debt against the bankrupt's estate, and it was claimed that it would become the trustee's duty to institute proceedings to set aside alleged unlawful preferences to such creditor.  *Held*, that the person appointed was disqualified, and that his appointment would be set aside.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 120.*]

In the matter of bankruptcy proceedings against the Anson Mercantile Company.  Victor H. Anderson was appointed trustee over the objection of the Walker Smith Grocery Company, and the appointment was certified to the court for review.  Appointment vacated, with directions to proceed to renew appointment.

Harry Tom King, for Walker Smith Grocery Co.

Dallas Scarborough, for trustee.

MEEK, District Judge.  At the first meeting of the creditors of Anson Mercantile Company, bankrupt, Victor H. Anderson was appointed trustee of the bankruptcy estate.  Walker Smith Grocery Company, one of the creditors having a provable claim against the estate, objected to the approval of the appointment of Victor H. Anderson as trustee, on the grounds hereinafter set forth.  The referee in bankruptcy approved the appointment of this person as trustee over the objections of this creditor, whereupon it seeks a review of the action of the referee in this regard.

It is revealed by the record, and uncontroverted, that Victor H. Anderson, the person appointed trustee, was a stockholder in the H. O. Wooten Grocer Company at the time of his selection, and that H. O. Wooten Grocer Company is a heavy creditor of the estate, that said Grocer Company openly solicited other creditors of the bankrupt to send to it their claims to be used in appointing a trustee for the bankrupt estate; that it offered to handle claims sent it by other creditors free of charge to them; that said Grocer Company voted for the appointment of this person as trustee, and voted the claims of five other creditors for his appointment; that said Grocer Company now holds securities for a part of its debt against the bankruptcy estate, and held the same at the time of the appointment of this person as trustee; further, that this person is not only a stockholder in the H. O. Wooten Grocer Company, but is and was an adjuster, actively in the employ of said Grocer Company.  It is also alleged by the Walker Smith Grocery Company that said Grocer Company held preferences at the time of the appointment of this person.

---

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

185 F.—63

No question is raised here as to the competency of Anderson, the person appointed by the creditors to be trustee of the bankruptcy estate. The question is: Should the referee or judge, in view of his admitted interest in and employment by one of the creditors of the estate, approve the appointment? This depends upon the character of the duties he assumes and may be called upon to perform under the provisions of the bankruptcy act. When we consider that the law places upon him the duty of bringing actions for and avoiding unlawful preferences, and that the law places upon him the duty of representing the interests of the estate and creditors in general in valuing securities held by creditors, we may, without the recital of other or further duties, gravely question the providence or propriety of appointing one having such an interest and employment as trustee of the estate. When it is revealed, as here, that the person appointed receives his appointment in part at least as a result of the active efforts of his corporate employer, in which he is a shareholder, and that his employer is a creditor, a creditor holding security for a part of its debt, and when it is further revealed that his employer is charged with having received preferences, in my opinion we may not only gravely question, but must negative, the providence and propriety of such an appointment.

Exercising the discretion vested in him by No. 13 of the General Orders in Bankruptcy, I am of the opinion the referee should have disapproved the appointment of Anderson as trustee of the bankruptcy estate. It should not be permitted to stand. An order will be entered vacating such appointment and approval thereof, with directions to proceed according to the provisions of the law to the appointment of another competent person for trustee.

The costs of this certificate will be taxed against the estate.