## In re ALLIED OWNERS' CORPORATION.
### No. 25012.

District Court, E. D. New York.
Nov. 8, 1933.

See, also, 4 F. Supp. 684.

Cullen & Dykman, of Brooklyn, N. Y., for William M. Greve.

Schiff, Dorfman & Stein, of New York City (Archibald Palmer, of New York City, of counsel), for E. Johnson Cowdrey.

BYERS, District Judge.

This motion was argued on November 2, 1933, and the papers and briefs were received on the 6th at 4:30 p. m.

A review is sought of an order made by the Referee in Bankruptcy having this case in charge, dated October 26, 1933, in which he denied a motion to dismiss the petition of a creditor to remove William M. Greve as one of the trustees in bankruptcy herein.

■ The motion was addressed to the sufficiency of the petition as a matter of law, and for present purposes, therefore, the material allegations must be treated as true.

In substance they aver: That the said trustee is the president and a director of New York Investors, Inc., the parent corporation of the bankrupt, i. e., the owner of all of its stock; that he is a member of the loan committee of that corporation, which made loans to this bankrupt some of which are unpaid, i. e., that he is the president, etc., of a creditor of this bankrupt; that this bankrupt was organized by the parent company to build theatres, pursuant to an agreement between it and Paramount, etc., Corporation and Thompson-Starrett Co.; that this bankrupt has filed a claim in the sum of $6,000,000.00 as a creditor of said Paramount, etc., Corporation, now in bankruptcy, which sum was advanced to it by said New York Investors, Inc.; that such claim is sought to be defeated or diminished in that proceeding by a protective committee, one member of which is the partner of another member of the same loan committee of New York Investors, Inc., of which Mr. Greve is a member; that Mr. Greve received from "a secret special payroll account" of the New York Investors, Inc., during the five years ended in 1930, $494,977.-16, in payment of services rendered to that company and its subsidiaries, of which the bankrupt is one.

Finally, that the group of corporations comprising the said parent corporation and others including the bankrupt, were treated as one in the consolidated balance sheet of New York Investors, Inc., and that the latter guaranteed a $20,000,000.00 loan by the Reconstruction Finance Corporation to the Prudence Company, Inc. (one of the group) and pledged all of its stock in the various corporations so owned (including that of this bankrupt) to secure the payment of that loan.

The objections to the legal sufficiency of the petition are five in number. The first four go to the petition, and the fifth is directed to the status of the petitioner, i. e., that "he is not a creditor entitling him to institute this proceeding, and no proof of claim has been filed by him or on his behalf."

Paragraph Second of the petition alleges: "That your petitioner is a creditor of the above named bankrupt corporation."

■ Like other averments in the petition, this must be deemed to be true for the purposes of this motion.

It is natural to suppose that, if the matter were to proceed to a hearing on the merits, the petitioner's status would require determination in limine.

The first two objections are such as would be appropriate to a demurrer, if that convenient vehicle of objection were presently available, namely, that the facts alleged do not constitute a cause for removal, and that their insufficiency is apparent as a matter of law.

■ The third objection is that none of the facts arose subsequent to the appointment of the trustee. Manifestly there can be no such requirement, because antecedent incidents, unknown and perhaps unascertainable at the time of election, might well constitute sufficient reason for the Court or the Referee to exercise the duties imposed by Rule XIII of the General Orders in Bankruptcy of the Supreme Court.

■ The fourth objection is that the matters comprised in the petition constitute issues which have been passed upon by Judge Moscowitz and consequently are res judicata.

Clearly this is the objection which requires examination primarily.

The opinion of the Court upon which the order of September 14, 1933, was based, which reversed the order of the Referee to the extent that the latter disapproved the selection of this trustee, reveals that the latter action was based upon certain incidents which occurred at the adjourned first meeting of creditors, and which the opinion sets forth in hæc verba; namely, the statement by a receiver in equity of the New York Investors, Inc., that Mr. Greve was "an officer of the New York Investors (Inc.). As a matter of fact he never had any financial interest directly in this bankrupt concern. * * *" The omitted remarks of Judge Kelby, the receiver quoted, had to do with Mr. Greve's assistance to him in conducting negotiations concerning the theatre properties of the bankrupt, as the representative of the stockholders (i. e., New York Investors, Inc.) in dealing with third persons. There was no testimony taken by the Referee on the occasion in question, and

his order was based upon the recital quoted in the said opinion.

Such was the record before Judge Moscowitz, and it forms the basis of his view that no reason therein was shown, why the Referee should have exercised his power under Rule XIII. It was the "mere fact that William M. Greve was associated with affiliated companies of the bankrupt" that did not disqualify him, as the opinion clearly states.

Does it follow that Judge Moscowitz decided that, despite any facts which might be appropriately brought to light, disqualification could not be shown in any wise, based upon activities connected with and arising from office or stockholding in or direction of the associated corporations?

It is thought that no such sweeping rule of decision is to be discovered in the opinion or the order in question.

If the foregoing is sound, it becomes necessary to consider whether, under the first and second objections, the challenged allegations in the petition, if sustained by competent evidence, could lead to a determination adverse to the trustee.

In this connection, what was said by the Court in Re Gordon Supply & Mfg. Co. (D. C.) 129 F. 622, indicates that the problem here presented is not entirely novel:

"Archbald, District Judge. There can be no objection personally to the trustee who has been chosen by a majority of those interested in the estate, at the creditors' meeting; and the right of such majority, under ordinary circumstances, to control the matter, must be conceded. The trustee is the representative of creditors, and they are the ones to decide who he shall be, subject only to the right of the court to supervise the choice where it is objected to. In the present instance the trustee chosen is not only a stockholder in the bankrupt corporation against which the proceedings were instituted, but he has been admittedly associated closely, as attorney and legal adviser, with those who have been hitherto in control; and their management is not only the subject of criticism, but may call for action on the part of the trustee to hold them personally responsible. To approve of the trustee now selected comes too near, therefore, to a continuation of previous conditions, to be warranted. With so many others who would be fully as efficient and entirely acceptable, the majority have no right to impose their present choice on the objecting minority.

"The election is therefore set aside, and a new election ordered."

See, also, In re Anson Mercantile Co. (D. C.) 185 F. 993.

These cases are not authorities on the facts, and are cited merely to show that prior business affiliations in at least two instances have been considered incompatible with holding the office of trustee in bankruptcy. As in those cases, so here, the issue is entirely impersonal.

The allegations in this petition cannot be thought to be either sufficient or insufficient as a matter of law. Disqualification might or might not result according to the proof. Office holding by this particular trustee in the New York Investors, Inc., and participation in its loans and its distribution of bonuses from time to time, might or might not lead to administrative exigencies requiring solution solely in the interests of the creditors of this bankrupt, depending upon what the evidence might disclose. It would be inappropriate to comment as to what might be shown pro or con.

Whether embarrassment would arise over the issue if any, concerning the bankrupt's claim against Paramount, for the reason that this trustee was associated on the New York Investors loan committee with the partner of one who is now engaged in contesting the bankrupt's claim in the Paramount proceeding, cannot be determined as a naked issue. It must be clothed with facts before it can be assigned to either a positive or a negative role in the proceedings.

It may be regretted that the situation here presented has been permitted to arise at all. A reading of the record made before the Referee indicates that, with his customary care, he has sought to preserve the equities that pertain to both aspects of the controversy. The proceeding calls for the exercise of great circumspection lest the manifest necessities of administration be somewhat thwarted by too great latitude of inquiry into matters not plainly within the allegations of the petition, and by argument and colloquy not calculated to clarify the issues.

If the petitioner has the legal right to proceed, and if he has evidence of disqualification, he should be directed promptly to make his case, according to his petition, in order that a determination upon the merits may not be permitted to delay or hamper the solution of larger problems than those involved in the objections of one creditor to the appointment or election of one of three trustees.

960

Motion to dismiss petition for insufficiency as a matter of law, is denied. Settle order on two days' notice.

The disposition of the foregoing necessarily controls the decision of the order to show cause, dated November 1, 1933. The motion arising upon that order sought to prevent the petitioner in this proceeding from seeking to develop, in connection with the adjourned first meeting of creditors, matters thought to be germane to the petition for removal, in avoidance of the ruling of the Referee sitting in the latter proceeding, to the effect that evidence would not be taken pending the ruling by this Court upon the review of the Referee's order, above discussed.

For reasons above stated, the motion will be denied, and the stay vacated. The Referee can be relied upon to conduct the proceedings of the first meeting with entire regard for the rights and duties of all parties in interest. Settle order on two days' notice.